```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
FRANCESCA DIROCCO,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 18-600 WES
                                   )
BLODGETT OVEN COMPANY              )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 15. For the reasons that follow, the Motion is GRANTED.

I.   Background

In 1968, an oven manufactured by G.S. Blodgett Corporation ("Blodgett") was installed at Allie's Donuts in North Kingstown, Rhode Island. See Def.'s Statement of Undisputed Facts in Supp. of Its Mot. for Summary J. ¶¶ 2, 3, 7, ECF No. 17; Pl.'s Obj. to Def.'s Statement of Undisputed Facts 1, ECF No. 20. Half a century later, the oven allegedly exploded and injured Francesca DiRocco, a donut shop employee. See Am. Compl. ¶ 6, ECF No. 7. DiRocco sued Blodgett, seeking compensation for her injuries. Id. at 3. Plaintiff's Amended Complaint (like the original Complaint) does not identify any counts or specific causes of action. However, it

appears to put forth claims of negligence, strict products liability (under theories of manufacturing defect, design defect, and failure to warn), and breach of express and implied warranties. Id. ¶¶ 7-13.

After the Court issued a Pretrial Scheduling Order, ECF No. 12, the parties filed a Joint Motion to Establish Bifurcated Procedure for Resolution of Threshold Legal Issues and to Extend Scheduling Order ("Joint Scheduling Motion"), ECF No. 14.  The Joint Scheduling Motion noted (1) that Defendant had raised the issue of whether Rhode Island's statutes of repose barred this action and (2) that the oven in question was destroyed prior to the filing of the Complaint.  See Joint Scheduling Mot. 1.  The parties therefore requested that the Court vacate its previous scheduling order and bifurcate the proceedings, allowing Blodgett to file – prior to discovery - a motion for summary judgment based on those two threshold legal issues.  See id. at 1-2.  Per the requested plan, the case would proceed to discovery only if the motion was denied.  See id.  The Court granted the Joint Scheduling Motion, see June 2, 2020 Text Order, and Defendant filed the instant Motion for Summary Judgment.

II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

2

P. 56(a).  In cases where the burden of proof lies with the nonmovant, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that showing is made, the nonmovant must demonstrate the existence of a genuine issue of material fact requiring a trial.  Dow v. United Bhd. of Carpenters and Joiners of Am., 1 F.3d 56, 58 (1st Cir. 1993).  The Court views "the facts in the light most favorable to the nonmoving part[y]."  Pippin v. Blvd. Motel Corp., 835 F.3d 180, 181 (1st Cir. 2016) (quoting Walsh v. TelTech Sys., Inc., 821 F.3d 155, 157–58 (1st Cir. 2016)).  However, "a nonmovant cannot rely merely upon conclusory allegations, improbable inferences, and unsupported speculation."  Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 313 (1st Cir. 2016) (quoting Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir. 2014)).

III. Discussion

    Blodgett first argues that this suit is barred by Rhode Island's statutes of repose.  See Def.'s Mem. Supp. Mot. Summary J. 4-10, ECF No. 16.  Rhode Island General Laws § 9-1-29 provides,

> No action . . . in tort to recover damages shall be brought against any . . . material suppliers[1] who furnished materials for the construction of . . . improvements[2] [to real property], on account of any deficiency . . . in the materials . . . more than ten (10) years after substantial completion of such an improvement . . . .

Similarly, Rhode Island General Laws § 6A-2-725(5) states,

> Notwithstanding any other provision of this section, any action for breach of warranty arising out of an alleged

---

[1] The definition of "material suppliers" includes manufacturers. Qualitex, Inc. v. Coventry Realty Corp., 557 A.2d 850, 853 (R.I. 1989).

[2] An improvement is defined as "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Desnoyers v. Rhode Island Elevator Co., 571 A.2d 568, 570 (R.I. 1990) (quoting Improvement, Black's Law Dictionary (4th ed. 1968). Rhode Island courts have determined that various other devices installed in buildings fall under the protections of § 9-1-29. See Allbee v. Crane Co., 644 A.2d 308 (R.I. 1994) (vertical turbine pump); Desnoyers, 571 A.2d at 570 (freight elevator); Qualitex, 557 A.2d at 852 (fire-sprinkler system). Moreover, other district courts have determined that commercial ovens fall within the protection of their states' statutes of repose. See Dominguez v. Lanham Mach. Co., 122 F. Supp. 2d 852, 854–55 (W.D. Mich. 2000) ("Under Michigan law, machines and ovens can be improvements to real property as those terms are used in [Michigan's statute of repose]." (citations omitted)); Luzadder v. Despatch Oven Co., 651 F. Supp. 239, 244 (W.D. Pa. 1986), rev'd on other grounds, 834 F.2d 355 (3d Cir. 1987) ("While a determination that [an industrial oven used to make glass bottles] is an improvement to real property does involve some factual considerations, we believe that the improvement at issue so clearly falls within the realm of [Pennsylvania's statute of repose] that there exist no material factual issues."). Based on the foregoing, Blodgett argues that the oven in question was a material furnished for the improvement of real property. See Def.'s Mem. Supp. Mot. Summary J. 7-9, ECF No. 16. DiRocco does not argue otherwise. See Pl.'s Mem. Law Supp. Obj. to Mot. Summary J. 1-3, ECF No. 18.

4

> design, inspection, testing, or manufacturing defect, or any other alleged defect of whatsoever kind or nature in a product, must be commenced within ten (10) years after the date the product was first purchased for use or consumption.

DiRocco's sole argument in response is that her strict liability claims are not barred by § 9-1-29 because, "[a]s the manufacturer of an inherently dangerous product, Defendants [sic] had a duty to notify consumers of all potential defects, maintenance issues, and all other dangerous conditions as they became known to the manufacturer." Pl.'s Mem. Law Supp. Obj. to Mot. Summary J. 1, ECF No. 18. DiRocco cites no case law to support this argument (or anywhere else in her Objection to the Motion for Summary Judgment). Id. By its terms, § 9-1-29 applies to all tort actions. Furthermore, the Rhode Island Supreme Court has stated that the doctrine of strict products liability sounds in tort.[3] See Ritter v. Narragansett Elec. Co., 283 A.2d 255, 261 (R.I. 1971). Thus, DiRocco's argument regarding the scope of § 9-1-29 is unavailing.

More generally, DiRocco argues that summary judgment is inappropriate because she needs time to conduct discovery. See

---

[3] If, alternatively, the doctrine of products liability were not rooted in tort law, the doctrine would instead be a branch of warranty law, and DiRocco's claims would be barred by Rhode Island General Laws § 6A-2-725(5). See Restatement (Second) of Torts § 402A cmt. b (1965) (noting that courts have considered products liability to be either a part of tort law or a part of warranty law).

5

Pl.'s Mem. Law Supp. Obj. to Mot. Summary J. 2-3. She does not, however, identify any areas of discovery that she anticipates being relevant to the statutes of repose. See id. at 1-3; see also Fed. R. Civ. P. 56(d) (providing that a district court may defer ruling on a motion for summary judgment or allow time for discovery where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Moreover, her argument is directly contrary to the stance she took in the Joint Scheduling Motion, in which the parties jointly sought to dispose of the threshold issues posed by the statutes of repose prior to discovery. See Joint Scheduling Mot. 1-2.[4]

---

[4] The Court agrees that discovery would be needed to address Blodgett's alternative argument that DiRocco cannot provide any evidence that the oven was defective at the time of its installation in 1968. See Def.'s Mem. Supp. Mot. Summary J. 10-14. This issue was not explicitly raised in the Joint Scheduling Motion, and it would be unfair to expect DiRocco to contest Blodgett's argument prior to discovery. See Joint Scheduling Mot. 1-2. However, due to the Court's conclusion that the action is barred by the statutes of repose, the Court need not reach Blodgett's argument regarding lack of evidence of a defect at the time of installation or Blodgett's spoilation argument. See Def.'s Mem. Supp. Mot. Summary J. 10-17.

IV.  Conclusion

DiRocco's claims are barred by Rhode Island's statutes of repose.  Therefore, Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED.


IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  March 17, 2021